1CLAIBORNE, J.,
dissents.
The majority holds that the Assessor is precluded by the statutes from making any unilateral changes (including the correction of errors) in assessments, after the lists are exposed for inspection by the public. Thus, the State of Louisiana and local taxing authorities who are represented by the Assessor have no recourse to correct errors made by the Assessor to their detriment. The majority apparently holds that the Assessor’s appeal should be dismissed, because an assessor is not one of the parties authorized to seek judicial review pursuant to Louisiana Revised Statutes 47:1998A(l)(a). I disagree. Louisiana Revised Statutes 47:1998C, which authorizes the assessor to file suit when necessary to protect the interest of the state, makes it clear that the assessor acts on behalf of the state. The right to file suits includes the right to appeal.
With regard to the Constitutional issue raised concerning the lack of written notice advising the taxpayer of the changes, that issue was mooted by the timely appeal to the Board of Review as the majority implicitly recognizes.
The valuation of property is a fact question.[1] The witnesses testified in the appeal hearing before the LTC, but no testimony was taken in the hearing | ^before the district court. Therefore, the LTC was able to observe the demeanor of the witnesses as they testified, which the district court was clearly unable to do. Pursuant to La. R.S. 49:964G(6), this court is required to give due deference to the credibility decisions of the agency when the agency is in a position to make such determinations.
The decision of the district court should be reversed. I therefore respectfully dissent.

. The following should be added to the summary by the majority. In its appeal to the Board of Review for Orleans Parish, EOP claimed the actual fair market value of the properly was $5,828,160. Board accepted EOP’s argument and rendered a decision setting the fair market value of the property at the amount urged by EOP. Despite the fact that it got what it asked for, EOP then appealed to the LTC, arguing that the assessor’s original valuation should be reinstated. At the LTC hearing on December 9, 1999, EOP submitted both testimony and documentary evidence to support its claim that the property value of $5,828,160 should be affirmed, and alternatively argued the Assessor was es-topped or legally precluded from altering the valuation she originally assigned.